NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

GERTRUDE SMITH, PETITIONER, v. LELAND MANNING,
RESPONDENT.

**Diabetes Mellitus—Employe Injured, While Helping Mason, Through Fall of Pail of Mortar on His Head—Death Resulted From Diabetes—Evidence Very Conflicting Whether the Disease was the Result of the Accident—Compromise Settlement Proposed and Approved.**

On findings of fact and determination and rule for judgment.

For the petitioner, *Harvey Rothberg.*

For the respondent, *Carl S. Kuebler,* of *McDermott, Enright & Carpenter.*

\*     \*     \*     \*     \*     \*     \*

A petition was filed by Gertrude Smith, alleging that she was thirty years of age and the widow of Louis Smith, who formerly resided at 336 East Fourth street, Plainfield, New Jersey, and that on October 29th, 1925, her husband sustained an injury as a result of an accident arising out of and in the course of his employment, when a pail of mortar fell on his head; that the petitioner's husband died on October 2d, 1926, which death is claimed to have been brought about by said injury, and as a result thereof the petitioner in said petition claims compensation for herself and her son, Rufus B. Smith, in accordance with the provisions of an act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, as approved April 4th, 1911, and as amended thereafter.

The respondent filed an answer admitting that an accident occurred on or about October 29th, 1925, when a pail of

mortar fell off a scaffold and hit the petitioner on the head, and that the petitioner died on October 2d, 1926, but the respondent further set forth in said answer that the deceased recovered from the injury sustained in the accident which occurred October 29th, 1925; that the death of Louis Smith was not caused by any accident arising out of and in the course of his employment, but that the death of Louis Smith was the result of natural causes, to wit, diabetes, which disease had no relation to the injury sustained on October 29th, 1925. It was admitted for the purpose of the record that on or about October 29th, 1925, Louis Smith was employed by Leland Manning as a mason helper and was receiving weekly wages amounting to $44 per week, and that on October 29th, 1925, an accident occurred arising out of and in the course of his employment, at which time a pail of mortar fell off a scaffold and hit the man on the head. The case therefore resolved itself into a question as to the extent of the injury sustained by the deceased and as to whether the death of Louis Smith was the result of the accident.

I find from the testimony of Gertrude Smith, the widow, that she is thirty years of age and that the deceased left a son by his first wife, Rufus B. Smith, who was born on August 22d, 1911, and that the petitioner now resides at 208 Plainfield avenue, Plainfield, New Jersey. Her testimony shows that the deceased was brought to his home on October 29th, 1925, after an accident, and remained home for the balance of the day; that he went to work on October 30th, but returned early; that he did the same on October 31st and that he never returned to work thereafter.

I find that the medical assistance of Doctor De Freitas was called and that the doctor attended him at his home immediately after the accident, and that the doctor remained in attendance until November 3d, 1925, at which time he was taken to the Muhlenberg Hospital where he was attended by hospital doctors until his discharge on December 16th, 1925, during which period of time he was treated in particular for diabetes mellitus; that after his discharge he remained at his home until September 30th, 1926, during which

entire period of time he did not return to work as he was unable to work, and that on September 30th, 1926, he was again placed in the Muhlenberg Hospital, in which institution he died on October 2d, 1926.

I find that the cause of his death was diabetes mellitus, and the contributory cause was accidosis. I find that the petitioner was married to the deceased in the year 1918.

During the morning session, I heard the testimony of Doctor De Freitas, who treated Mr. Smith immediately after the accident and who also received a call from Mr. Smith just before the accident, at which time he treated Mr. Smith for a cold and for a complaint of kidney trouble, although Doctor De Freitas testified that an urinary analysis did not show the presence of any sugar. The testimony of Doctor De Freitas showed that the deceased did shortly after the accident suffer from severe convulsions and was for a period of time in a semi-comatose state; that large quantities of sugar were found and after receiving treatment to November 3d, the deceased was removed to Muhlenberg Hospital for diagnosis and examination. Doctor De Freitas contended that Louis Smith suffered at that time from diabetes which he claimed was the result of a fracture of the right frontal region of the skull, causing the concussion of the brain and disturbance of the diabetic center and the production of the sugar.

Doctor Stuart's testimony showed that he was called in September or October, 1926, when Mr. Smith was in a critical condition and in an advanced stage of diabetes mellitus complicated with accidosis; that he was removed to the Muhlenberg Hospital again and died a few days later as a result of diabetes mellitus and accidosis. Doctor Stuart also contended that the diabetes was produced by the injury sustained on October 29th, 1925.

It was also brought out on cross-examination that the deceased sustained an injury to the head and was confined to the Muhlenberg Hospital in 1923. Doctors De Freitas and Stuart contended, however, that the diabetes could not have

been the result of that accident as it would have appeared at a much earlier date.

At the opening of the afternoon session the attorneys for the respective parties submitted to the commissioner a proposition of settlement on a compromised basis which was satisfactory to both parties involved. The basis of this proposed settlement was the payment of $2,400 by the respondent to the petitioner as a lump sum payment in full compromise of all claim of the petitioner against the respondent, which sum represented approximately fifty per cent. of the maximum compensation the petitioner would receive under the Workmen's Compensation act.

In considering the advisability of approving this settlement, I listened to the testimony of Doctor Robert F. Sheehan, one of the witnesses for the respondent who contends that he examined and treated Louis Smith on various occasions; that Mr. Smith was not suffering from any neurological symptoms and that at the time he first examined him, on January 25th, 1926, there was no evidence of any remaining symptom of the injury to the head; that although glycosuria is occasionally the result of an accident to the skull, such condition is of a transitory nature, does not become acute and disappears as the evidence of the trauma disappears, and for that reason in particular the doctor contended that he did not believe the injury sustained on October 29th was the cause of the condition which resulted in the death of Louis Smith.

It appears to me, therefore, that it is very questionable whether or not the diabetes mellitus was brought about by this injury, or whether it was entirely due to a pre-existing condition, and for that reason and other reasons I feel that the proposed settlement is a proper one, and do therefore find that the petitioner is entitled to compensation payable by the respondent to the petitioner in one sum amounting to $2,400, and that in addition thereto respondent shall pay the petitioner funeral expenses amounting to $150, the bill for services rendered by Doctor De Freitas amounting to

$140, the bill of Doctor Stuart amounting to $26 and for the court attendance of Doctor Yood amounting to $25.

\* \* \* \* \* \* \*

CHARLES E. CORBIN,
*Deputy Commissioner.*